**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1096 |
| Plaintiff - Appellee, | D.C. No. 4:22-cr-00974-JGZ-JR-1 |
| v. | |
| OLEGARIO LARES-DE LA ROSA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, Chief District Judge, Presiding

Submitted March 25, 2025**
Phoenix, Arizona

Before: GRABER and BENNETT, Circuit Judges, and TUNHEIM, Senior District Judge.***

Defendant Olegario Lares-De La Rosa participated in a conspiracy to kidnap migrants for the purpose of collecting ransom money from their relatives. Before

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\*   The Honorable John R. Tunheim, United States Senior District Judge for the District of Minnesota, sitting by designation.

trial, Defendant pleaded guilty to knowing possession of a firearm as a convicted felon. For his role in the scheme, a jury convicted Defendant of conspiracy to take hostages, conspiracy to transport aliens for profit, and transportation of aliens for profit. But the jury acquitted him of two counts of hostage-taking. The court imposed a sentence of 216 months. Defendant timely appeals his conviction and sentence, and we affirm.

　　1. Defendant first argues that the district court improperly instructed the jury on the charge of conspiracy to hostage-take. He asserts that the instructions did not clearly require the jury to find that Defendant knew that the object of the conspiracy was to take hostages, as distinct from transporting aliens for profit. We review for plain error because Defendant did not object to the instructions at trial. United States v. Franklin, 321 F.3d 1231, 1240 (9th Cir. 2003). The court did not err, plainly or otherwise. The court used the Ninth Circuit's model instruction on conspiracy and made clear that the jury could not convict Defendant unless he knew that the purpose of the conspiracy was to take hostages. Moreover, the court gave a separate instruction for conspiracy to transport aliens for profit, making confusion even less likely.

　　In addition, Defendant speculates that the jury was confused because it acquitted him of the substantive hostage-taking charges. But Defendant's role was to drive hostages to a meeting place; he was not the actual kidnapper. So the jury's

decision to acquit him of hostage-taking on the government's aiding-and-abetting theory is not necessarily inconsistent with its decision to convict on the conspiracy charge. See United States v. Powell, 469 U.S. 57, 66–67 (1984) (stating that courts resist inquiring into a jury's thought process and do not assess a jury's rationale for potentially inconsistent verdicts).

We also are unpersuaded by Defendant's assertion that the government's closing heightened the risk of juror confusion. The government's closing argument did not misstate the elements of conspiracy to take hostages and, indeed, highlighted the difference between alien-smuggling and hostage-taking.

2. Next, Defendant argues that the district court erred by admitting Agent Gomez's lay opinion testimony and by failing to give a multiple-role instruction. We review for "clear abuse of discretion" the admissibility of lay opinion testimony under Federal Rule of Evidence 701, United States v. Gadson, 763 F.3d 1189, 1209 (9th Cir. 2014) (citation omitted), and find no abuse of discretion. Testimony based on a witness's perception—including the witness's interpretation of the meaning of a defendant's text messages examined by the witness during an investigation—is lay opinion testimony. United States v. Barragan, 871 F.3d 689, 703–04 (9th Cir. 2017). That precisely describes Agent Gomez's testimony in this case.

On appeal, Defendant challenges Gomez's testimony under Federal Rule of

Evidence 403. Reviewing this unpreserved claim for plain error, we find none. The record does not reveal <u>undue</u> prejudice.

Lastly, reviewing for plain error, we reject Defendant's argument that the district court should have given a multiple-role instruction. Gomez did not give expert testimony, so no such instruction was needed.

3. The district court did not plainly err by failing to hold that 18 U.S.C. § 922(g)(1) is unconstitutional. Defendant expressly concedes this issue and raises it only for the purpose of preservation.

4. Finally, Defendant argues that the district court improperly imposed sentencing enhancements based on acquitted conduct. Again, Defendant expressly acknowledges that we have rejected this argument and that he raises it only to preserve it.

**AFFIRMED.**